Chief Justice Robertson,
delivered the opinion of the court.
Royse and wife filed a bill in chancery, for the sale or partition of a female slave, in whom they asserted a joint interest with others, as devisees. They alleged that one of the' devisees, claiming an independent and exclusive right to the slave, had sold and delivered her to Reuben Tarrant, whom, together with all their co-devisees, except one, they made defendants. They prayed first for a sale of the slave, and a partition of the proceedssecondly, for a partition according to law; and thirdly, for general relief. Tarrant and one of the devisees appeared and filed a general demurrer to the bill; and, thereupon, the circuit court sustained the demurrer, and dismissed the bill absolutely.
The allegations in the bill, though indistinct, are sufficient to give to the circuit court jurisdiction. The prayer for partition according to law, must be understood as importing, not a sale, but such a decree for alternate use of the slave, as might be decreed, consistently with the power of the chancellor, and the rights of the parties. It was right to make Tarrant a party; because, if the allegations he true, he held the interest of only one of the joint devisees, which should be embraced in a decree for partition among the devisees; and which could not be affected by any decree, unless he be a party: and, in such a case, a chancellor has jurisdiction to decree such a partition among all the persons interested in the slave, as might have been proper among the devisees themselves, if all of them had retained their original interests.
But the counsel for the defendants in error, insists that if the circuit court had jurisdiction over the subject matter, according to the allegations in the bill, nevertheless the decree should be affirmed; because the bill did not make all the proper parties.
The bill alleged that the devisee who urns not made a party, had died, and therefore prayed that his unknown heirs should be made (defendants.
'aocoTüTiN— the practice the British we]¡ as sinae a demurrer to of[or want tjesTslufuld”* i,tate specially the cause of
to abill for want of proper par-gieesc™aí]1 cause of demurrer, or, at a] ¿emun-e/tó a bill shall be sustained for pariief, the bill there, foredismissed, j^ust b out prejudice.
Anderson for plaintiffs; Owsley for defendants.
There was no affidavit that his heirs were unknown; and even if there had been such an affidavit, his per-sonai representative would have been a proper party. In this respect, therefore, there was a defect of parties. But that defect is not sufficient to sustain absolute dismission of the bill. According to the established practice of the British chancery, prior to ’76, as well as since, a demurrer to a bill for want of proper parties, should state specially the cause demurrer; and then it would, of course, appear that a decree, sustaining the demurrer and dismissing the bill, had not concluded the merits, so as to bar a new bill with all the necessary parties, and containing the same allegations. Here a similar practice should be observed; or, at all events, when a general demurrer to a bill shall be sustained for want of proper parties, and the bill therefore dismissed, the dismission should be without prejudice; because, otherwise the equity which the bill asserted might be barred by the cree. Wherefore, as according to the allegations, and at least, one of the prayers in the bill, a proper case was disclosed for the cognizance of the chancellor, the demurrer was not sustainable, on any other ground than the defect of parties; and therefore the circuit court erred in dismissing the bill absolutely; and especially as the record does not disclose the fact that the defect of parties was the only ground on which the demurrer was sustained; but, on the contrary, authorises the deduction that the bill was dismissed for a supposed want of equity.
Decree reversed, and cause remanded with instructions to dismiss the bill without prejudice; unless the circuit judge, in his discretion, shall choose to allow an amendment, making the proper parties, if the plaintiffs in error shall move for such leave.